IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery L. Penley, ) | Case No.: 1:25-cv-03295-JD-SVH |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Barnwell County Department of ) Correction County Jail, ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 37), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Defendant Barnwell County Department of Corrections County Jail's motion to dismiss (DE 27) Plaintiff Jeffery L. Penley's ("Plaintiff") Second Amended Complaint, pursuant to Rule 12(b)(6).[1] (DE 19.)

**A.    Background**

The Report accurately sets forth the relevant facts and applicable legal standards, which the Court adopts and incorporates by reference. The Court summarizes the procedural background briefly for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff, a state prisoner proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 on April 18, 2025. (DE 1.) He filed a second amended complaint on July 7, 2025. (DE 19.) In that pleading, Plaintiff alleges that he experienced difficulty controlling his blood sugar after being taken off prescribed medication for approximately seven months. (*Id.* at 5–6.) Plaintiff seeks monetary damages for the alleged violation of his constitutional rights. (*Id.* at 6.)

On August 20, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), supported by a memorandum of law. (DE 27.) Because Plaintiff is proceeding without counsel, the Magistrate Judge issued a *Roseboro* order advising Plaintiff of the nature of the motion, the procedures governing its disposition, and the potential consequences of failing to respond. (DE 28.) Plaintiff did not file a response.

On September 26, 2025, the Court ordered Plaintiff to advise by October 10, 2025, whether he intended to continue prosecuting this action. (DE 31.) Plaintiff was expressly warned that failure to respond would result in a recommendation that the case be dismissed for failure to prosecute. Plaintiff thereafter moved for an extension of time, which the Court granted, allowing him until November 6, 2025, to respond. (DE 33; DE 35.) The Court further cautioned that no additional extensions would be granted. Plaintiff nevertheless failed to file a response or otherwise comply with the Court's order.

B. **Report and Recommendation**

On December 30, 2025, the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

In reaching this conclusion, the Magistrate Judge applied the factors governing dismissal under Rule 41(b) and determined that Plaintiff failed to respond to Defendant's motion to dismiss, notwithstanding the Court's *Roseboro* order and subsequent directives. The Magistrate Judge further found that Plaintiff's repeated noncompliance with court orders reflects an abandonment of the prosecution of this action.

C. **Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.    Conclusion**

Because no party has filed objections to the Report and Recommendation, and after a careful review of the Report and the entire record in this matter, the Court finds no clear error on the face of the record. Accordingly, the Court adopts the Report and Recommendation (DE 37) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Defendant Barnwell County Department of Correction County Jail's motion to dismiss (DE 27) is terminated as moot.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 27, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.